UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HARJEET SINGH (A-Number: 240-431-569),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX FACILITY, et al.,

Respondents.

No. 1:26-cv-08271-KES-EGC

**ORDER GRANTING HABEAS PETITION AND ORDERING IMMEDIATE RELEASE**

Doc. 1

Petitioner Harjeet Singh ("petitioner" or "Singh") is an immigration detainee proceeding with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 2. For the reasons discussed below, the petition is GRANTED.

## I. BACKGROUND

Singh is a 31-year-old citizen of India. Doc. 1 at ¶¶ 2, 20, 53. He entered the United States at or near Naco, Arizona on or about May 13, 2023 without admission or parole. *Id.* at ¶¶ 2, 55. Respondents state that Singh entered after inspection by an immigration officer. Doc. 6 at 1. On May 13, he was released on his own recognizance due to overcapacity. *Id.* at 2, 12. The Department of Homeland Security issued Singh a Notice to Appear dated May 15, 2023. Doc. 1 at ¶ 56; Doc. 6 at 6.

On October 3, 2026, Singh reported as directed to an Immigration and Customs

Enforcement office, as part of his Alternative to Detention program reporting requirements. *Id.* at 2, 11. A deportation officer determined that Singh had been arrested on September 26, 2026, for driving under the influence, *id.* at 2, 11–12, although respondents do not assert that Singh was convicted of this offense. Singh has no other criminal history. *See id.* at 11–12. ICE officials detained Singh on October 3, 2026. *Id.* at 11. Singh has requested a custody redetermination hearing before an immigration judge but has not yet received one; respondents state that a hearing "should be scheduled by the immigration court in the near future." *Id.* at 2, 16.

Singh challenges his detention under the Fifth Amendment's Due Process Clause and seeks release. Doc. 1 at ¶¶ 65–74; Doc. 1, Prayer for Relief at 1–6.

## II. LEGAL STANDARD

The Constitution guarantees that, absent suspension, "the writ of habeas corpus [is] available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). A district court's habeas jurisdiction extends to challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).

In a challenge to detention under the Due Process Clause, the protection due depends on an analysis of the factors set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917, 926 (E.D. Cal. 2025). The court considers:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

*Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (quoting *Mathews*, 424 U.S. at 335).

## III. DISCUSSION

The first question under the *Mathews* test is whether Singh has a liberty interest. Singh's initial release established a liberty interest under the Due Process Clause either because he was released pursuant to 8 U.S.C. § 1226(a), or because his release created a reasonable expectation

that he would be entitled to retain his liberty so long as he was not a flight risk or danger. This court has previously determined that a release pursuant to § 1226(a) creates a liberty interest. *Alberto*, 817 F. Supp. 3d at 925–26.

This court has also determined that a petitioner has a liberty interest when the government, in releasing a detainee, creates a "reasonable expectation that [the petitioner] would be entitled to retain his liberty so long as he was not a flight risk or danger." *Elmer Joel M.C. v. Wofford*, No. 1:25-cv-01622-KES-CDB (HC), 2025 WL 3501200, at *3–4 (E.D. Cal. Dec. 6, 2025). Here, it appears Singh was previously released pursuant to § 1226(a). The government released Singh on his own recognizance and required that he report periodically to an ICE office. Doc. 6 at 1–2; *see also* § 1226(a)(2). The government's release of Singh created a reasonable expectation that Singh could retain his liberty so long as he was not a flight risk or danger. Therefore, Singh has a liberty interest.

The court next considers the risk of an erroneous deprivation. As other courts have recognized when doing this analysis, "[t]here is a substantial risk that [p]etitioner will be erroneously deprived of his liberty interest absent a pre-detention hearing before a neutral arbiter." *Guillermo M.R. v. Kaiser*, 791 F. Supp. 3d 1021, 1033 (N.D. Cal. 2025). Given this, and "absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process." *Id.* at 1036 (emphasis in original). Singh voluntarily appeared at ICE offices as directed, and respondents do not identify any specific flight risk or danger concerns. Respondents do not establish any urgency or why they could not have provided Singh a pre-deprivation hearing. *See* Doc. 6 at 2–4.

Finally, the court considers the government's interest. While the government has a significant interest in immigration enforcement, respondents have not established that providing a pre-deprivation hearing would produce a delay or a significant burden. *Id.*

## IV. CONCLUSION

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Harjeet Singh (A-Number: 240-431-569) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they

demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is also directed to serve the Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 2, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.